J-S17024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| LIONELL DUCKETT, | : : | No. 2943 EDA 2015 |
| Appellant | : | |

Appeal from the Judgment of Sentence April 27, 2015
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000534-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.:                                    **FILED MARCH 22, 2018**

Lionell Duckett appeals from his judgment of sentence, entered in the Court of Common Pleas of Delaware County, after he was found guilty of robbery (inflicting serious bodily injury),[1] robbery (threatening immediate serious injury),[2] aggravated assault,[3] and possession of an instrument of crime (PIC).[4]   After careful review, we affirm.

Duckett was charged with the above offenses in relation to an armed robbery that occurred on the streets of Yeadon Borough, Delaware County, on

_____

[1] 18 Pa.C.S. § 3701(a)(1)(i).

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] 18 Pa.C.S. § 2702(a)(1).

[4] 18 Pa.C.S § 907(a).

the evening of December 9, 2013. Duckett shot his victim five times at point-blank range, striking him in the chest and legs. On March 13, 2015, a jury found Duckett guilty of the aforementioned crimes. The court sentenced Duckett, on April 27, 2015, to an aggregate term of imprisonment of 10-20 years, followed by five years of probation.[5] On May 1, 2015, Duckett filed a motion for judgment of acquittal, asserting that "weight of the evidence was so strongly in favor of [him] that no reasonable Jury could have found [him] guilty of any crime." Defendant's Motion for Judgment of Acquittal, 5/1/15, at 1. His motion was denied by operation of law on August 31, 2015.[6] ***See*** Pa.R.Crim.P. 720(3)(a) ("judge shall decide the post-sentence motion . . . within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension[7] . . ., the motion shall be deemed denied by operation of law."); Pa.R.C.P. 106(a) ("When any period of

---

[5] Specifically, the court sentenced Duckett to 66-132 months' imprisonment on the robbery conviction, followed by a consecutive term of 54-108 months' imprisonment on the aggravated assault (serious bodily injury) conviction, and 5 years of probation on the PIC conviction.

[6] The 120th day, August 29, 2015, was a Saturday. Thus, for purposes of computing time under our rules, the 120th day was Monday, August 31, 2015. ***See*** Pa.R.C.P. 106(b) ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or the United States, such day shall be omitted from the computation.").

[7] There is nothing in the record indicating that the trial court granted a requested extension on the motion.

time is referred to in any rule . . . such period shall in all cases . . . be computed as to exclude the first and include the last day of such period.").[8] Duckett filed a timely notice of appeal on October 1, 2015. *Id.* at 720(2)(b).

On appeal, Duckett presents the following issues for our review:

(1) Did the Court of Common Plea[s] error [sic] by finding that the Commonwealth presented sufficient evidence to support a verdict of guilty for the crimes of robbery first degree?

(2) Whether the verdict of robbery first degree was against the weight of the evidence.

Appellant's Brief, at 2.

Duckett claims that there was insufficient evidence to prove he committed robbery. Specifically, he alleges that the Commonwealth did not prove that he committed either theft or attempted theft or that he had the requisite intent to commit a robbery.

> This Court's standard for reviewing a sufficiency claim is whether, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth, the factfinder reasonably could have determined all the elements of the crime were established beyond a reasonable doubt. This Court considers the evidence actually introduced, without regard to an appellant's claims that some of the evidence was wrongly admitted. Additionally, we do not weigh the evidence. Any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

***Commonwealth v. Pitner***, 928 A.2d 1104, 1108 (Pa. Super. 2007) (citations omitted).

---

[8] On July 10, 2015, the trial court appointed counsel for Duckett for purposes of appeal.

A person is guilty of robbery in the first degree if, in the course of committing a theft, he "threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S. § 3701(a)(1)(ii). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." *Id.* § 3701 (a)(2). The evidence is sufficient to convict a defendant of robbery under section (a)(1)(ii) "if the evidence demonstrates aggressive actions that threatened the victim's safety." *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011). The court must focus "on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury." *Id.* (citations omitted).

At trial, the Commonwealth presented evidence that Duckett approached the victim, asked him for the time, and then "bumped" into the victim and asked him for money. When the victim responded that he did not have any money, Duckett continued to follow the victim across an intersection, asked him again for money, drew a pistol, pointed it at the victim's chest and fired repeatedly, striking the victim in the chest and legs and causing him to fall backwards to the ground. As Duckett fled from the crime scene, he continued to shoot backwards toward the victim. Considering all of the evidence presented, we find that the Commonwealth sufficiently proved the elements of robbery under section (a)(1)(ii), where Duckett aggressively pursued the victim for money, shot him at point-blank range when he refused to give him money, and caused him to sustain serious bodily injury.

Duckett next contends that his robbery conviction was against the weight of the evidence.  It is well-established that the trier of fact, in passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence presented.  **Commonwealth v. Hopkins**, 747 A.2d 910 (Pa. Super. 2000).  Here, Duckett makes no legal argument in his brief regarding his weight challenge.  Rather, he states that "[t]o allow a fact finder to use this evidence to render a verdict of robbery is contrary to a sense of justice and shocks the conscience."  Appellant's Brief, at 14.  Without a developed argument, including relevant legal authority, we find the claim waived.  **See Commonwealth v. Quel**, 27 A.3d 1033, 1042 (Pa. Super. 2011) (failure to develop claim in appellate brief results in waiver).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/18